UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN T. TUCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:17-cv-02563-JPH-MPB |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Steven T. Tuck was convicted in Indiana state court of dealing in cocaine, conspiracy in dealing in cocaine, operating a vehicle while a habitual traffic violator, and corrupt business influence. He was sentenced to an aggregate prison term of 78 years.

Mr. Tuck has filed an amended 28 U.S.C. § 2254 petition for a writ of habeas corpus arguing that his trial and direct appeal counsel were ineffective. For the reasons discussed below, Mr. Tuck's petition is **DENIED**.

**I. Background**

At Mr. Tuck's trial, the State introduced overwhelming evidence that Mr. Tuck had sold crack cocaine in Lafayette, Indiana, in the 1990s, including:

- William Fusiek's testimony that he regularly bought cocaine directly from Mr. Tuck in 1996. Dkt. 40-4 at 332−35.

- Evidence—including audio recordings, testimony from Mr. Fusiek, and testimony from police officers—of two controlled buys of cocaine in early 1998, during which Mr. Fusiek acted as a confidential informant. Dkt. 40-5 at 15−31 (William Fusiek's testimony); *id.* at 220−36 (Lieutenant Fred Davis's testimony); *id.* at 243−52 (transcript of February 5, 1998, transaction); dkt. 40-6 at 108−15 (Detective Daniel Shoemaker's testimony); *id.* at 122−27 (transcript of January 29, 1998, transaction). The transactions took place at Kenneth Josey's residence. Dkt. 40-6 at 158.

1

- Mr. Tuck's recorded admission to police that he sold "rock" or "shit" through mid-1997. Dkt. 40-4 at 66−67.

- Kris Holtsclaw's testimony that he bought cocaine from Mr. Tuck about twice per month from some time in 1996 through early 1998. *Id.* at 258−61.

- Michael Alexander's testimony that he bought cocaine directly from Mr. Tuck in February 1998. *Id.* at 301−04.

- Cassell Blackburn's testimony that he bought cocaine from Mr. Tuck seven or eight times in 1997 and 1998, sometimes directly but usually Mr. Josey. Dkt. 40-6 at 224−34.

The jury convicted Mr. Tuck of operating a vehicle while a habitual traffic violator, corrupt business influence, four counts of dealing in cocaine, and two counts of conspiracy to commit dealing in cocaine. Dkt. 40-3 at 214−23.

The trial court sentenced Mr. Tuck to

- concurrent 50-year prison terms for two of the dealing in cocaine convictions and both conspiracy convictions;

- 20-year prison terms for the remaining two dealing in cocaine convictions, with these sentences running concurrent with each other and consecutive to Mr. Tuck's other sentences; and

- an eight-year prison term for corrupt business influence and a three-year prison term for operating while a habitual traffic violator, with these sentences running concurrent with each other and consecutive to Mr. Tuck's other sentences.

Dkt. 40-3 at 243−44.

Mr. Tuck appealed, arguing that the charge of corrupt business influence failed to state an offense, that the trial court erred in denying his motion to suppress pretrial statements, the trial court erred in denying his motion to sever, and that the trial court erred in excluding evidence of Cassell Blackburn's 1984 burglary conviction. The Indiana Court of Appeals affirmed on August 30, 1999, dkt. 11-5, and Mr. Tuck did not petition for transfer to the Indiana Supreme Court.

Mr. Tuck filed a state post-conviction petition on July 21, 2000, and he later filed an amended petition. The State moved to dismiss based on failure to prosecute, dkt. 26-1, but the trial court instead dismissed based on laches, dkt. 26-6 at 4. The Indiana Court of Appeals affirmed. *Tuck v. State*, 2017 WL 770939, at *4 (Ind. Ct. App. Feb. 28, 2017). On June 29, 2017, the Indiana Supreme Court denied leave to transfer. Dkt. 11-7 at 1.

On July 11, 2017, Mr. Tuck petitioned for leave to file a successive post-conviction petition. Dkt. 26-7. The Indiana Court of Appeals denied leave to file. Dkt. 26-8.

On July 28, 2017, Mr. Tuck filed a petition for a writ of habeas corpus in this Court, arguing that he was convicted of corrupt business influence based on insufficient evidence, that his convictions for corrupt business influence and dealing in cocaine violate the Indiana Constitution's Double Jeopardy Clause, that trial counsel was ineffective for failing to object to a manifestly unreasonable sentence, and that trial counsel was ineffective for failing to move to quash arrest based on an allegedly false statement in an affidavit supporting the arrest warrant. Dkt. 2.

On May 4, 2018, Mr. Tuck filed an amended petition for a writ of habeas corpus, raising the following grounds for relief:

1. trial counsel was ineffective for failing to move to quash arrest based on an allegedly false statement in an affidavit supporting the arrest warrant;

2. trial counsel was ineffective for failing to object to a manifestly unreasonable sentence;

3. appellate counsel was ineffective for failing to argue that Mr. Tuck was convicted of corrupt business influence based on insufficient evidence; and

4. appellate counsel was ineffective for failing to argue that Mr. Tuck's convictions for corrupt business influence and dealing in cocaine violate the Indiana Constitution's Double Jeopardy Clause.

Dkt. 21. The respondent argues that Grounds 1, 3, and 4 are barred by 28 U.S.C. § 2244(d)'s limitation period and that all of Mr. Tuck's claims are procedurally defaulted. Dkt. 26. In response to the Court's order, the respondent also addressed the merits of Ground 1. Dkt. 39.

## II. Timeliness

### A. Applicable Law

Absent unusual circumstances not present here, a person in custody pursuant to the judgment of a state court is allowed one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled for the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

An amended petition, even if filed outside the limitation period, is timely to the extent that the amended claims "relate back" to a prior, timely petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). An amended claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

### B. Discussion

The respondent argues that Mr. Tuck's amended petition was untimely, and that Mr. Tuck is foreclosed from raising Grounds 1, 3, and 4 because they do not relate back to the original petition. While the amended petition is indeed untimely, Ground 1—nearly a word-for-word duplicate of a claim raised in the original petition, *compare* dkt. 21 at 7−10, *with* dkt. 2 at 16−19— relates back to the original petition. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (amended petition "substantively identical" to original relates back for statute of limitations purposes).

Grounds 3 and 4—alleging that direct appeal counsel was ineffective for failing to raise sufficiency of the evidence and double jeopardy claims, dkt. 21 at 14−16; *id.* at 18−19—present a close call. The original petition did not allege ineffective assistance of appellate counsel, but it did raise stand-alone sufficiency of the evidence and double jeopardy claims. At least one court has held in similar circumstances that the ineffective assistance of counsel claim relates back to the original petition. *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), abrogated on other grounds by *Davila v. Davis*, 137 S. Ct. 2058, 2065−66 (2017) (claim that direct appeal counsel was ineffective for failing to argue double jeopardy relates back to claim of cruel and unusual punishment based on being sentenced twice for same offense). The Court need not resolve whether grounds 3 and 4 "relate back" and are thus timely because these claims are procedurally defaulted.

### III. Procedural Default

**A. Applicable Law**

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). Mere presentment is not enough to avoid procedural default. A petitioner must *fairly* present the claim; that is, he must "alert[ ] the [state] court to the alleged federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004).

A claim of a petitioner in custody pursuant to a state court judgment is procedurally defaulted if the last state court to address the claim in a reasoned decision rejected it based on adequate and independent state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

To obtain relief on a procedurally defaulted claim, a petitioner must show either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

### B. Discussion

The respondent argues that Claims 3 and 4 are procedurally defaulted because the Indiana Court of Appeals rejected them on adequate and independent state law grounds and because Mr. Tuck did not fairly present them in Indiana state-court proceedings.

#### 1. Adequate and Independent State Law Ground

Finding that Mr. Tuck had waived his right to challenge the conviction by unreasonably delaying and that the doctrine of laches applied, the state courts rejected Mr. Tuck's post-conviction claims. Dkt. 26-6 at 4−5. But laches based on post-filing delay was not "firmly established" as a ground for dismissing a post-conviction petition until May 2015 at the earliest. *Thompson v. Brown*, 901 F.3d 851, 855−56 (7th Cir. 2018); *see also Thompson v. State*, 31 N.E.3d 1002 (Ind. Ct. App. 2015) (applying laches for the first time to dismiss a post-conviction petition based on post-filing delay). By then, Mr. Tuck was actively litigating his post-conviction petition. *See* dkt. 26-6 (final amended post-conviction petition). Accordingly, the state court's reliance on laches does not constitute an adequate and independent state law ground for rejecting Mr. Tuck's claims. *Thompson v. Brown*, 901 F.3d at 855−56 (laches not adequate state law ground where petitioner had no notice that it could be applied based on post-filing delay).

The respondent notes that the State moved to dismiss Mr. Tuck's post-conviction petition based on failure to prosecute, not laches. Dkt. 26 at 16−18. But the "adequate and independent state law ground" procedural default applies only when the state court "actually relied" on an

6

adequate state law ground. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)). Here, the state court expressly relied only on laches in denying Mr. Tuck's claims, and as discussed above, laches cannot be an adequate and independent state law ground here.

### 2. Fair Presentment

The respondent argues that Grounds 2, 3, and 4 are procedurally defaulted because they were not presented through one complete round of Indiana's established appellate review process.

Ground 2 alleges that trial counsel was ineffective for failing to object to Mr. Tuck's sentence, which he argues was manifestly unreasonable. Dkt. 21 at 11−13. Mr. Tuck alleged in his post-conviction petition that his sentence violated Indiana law, dkt. 26-1 at 4; dkt. 26-2 at 3, but he did not argue that trial counsel was ineffective for failing to make the same argument. Because Mr. Tuck presented only a state law sentencing claim, not a federal ineffective assistance claim, he did not fairly present Ground 2 to the post-conviction court. *Reese*, 541 U.S. at 33.

Grounds 3 and 4 allege that direct appeal counsel was ineffective because counsel failed to argue (1) that the evidence was insufficient to support Mr. Tuck's conviction for corrupt business influence and (2) that Mr. Tuck's convictions for both corrupt business influence and dealing in cocaine violated the Indiana Constitution's Double Jeopardy Clause. Dkt. 21 at 14−16, 18−19. While Mr. Tuck did not raise these complaints about counsel's performance (or the underlying constitutional claims) in his post-conviction petition, he did raise Grounds 2, 3, and 4 in his petition for leave to file a successive post-conviction petition. Dkt. 26-7 at 6. He submitted his petition for leave to file in the Indiana Court of Appeals, but the court denied it. Dkt. 26-8. Following the appellate court's denial, Mr. Tuck could not present his claims to the Indiana Supreme Court.

7

*See* Ind. App. R. 57(B) (petitioner may not seek leave to transfer to Indiana Supreme Court following denial of leave to file successive post-conviction petition).

To properly exhaust his claims, Mr. Tuck was required to present them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). Filing a petition for leave to file a successive post-conviction petition—unless leave to file is granted—is not enough. *Cf. Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (where Indiana Court of Appeals denied petitioner leave to file successive post-conviction petition, successive petition was never "properly filed" for 28 U.S.C. § 2244(d)(2) purposes). Accordingly, Grounds 2, 3, and 4 were not fairly presented throughout one complete round of Indiana's established appellate process, and they are procedurally defaulted.

Mr. Tuck does not argue cause and prejudice to excuse his default,[1] so Grounds 2, 3, and 4 are **DENIED**.

## IV. Merits Review of Ground 1

### A. 28 U.S.C. § 2254(d) Deference

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Mr. Tuck argues extensively against the "adequate and independent state law ground" default. Dkt. 34 at 13–17. But he does not acknowledge that he defaulted Grounds 2, 3, and 4 by failing to present them throughout one complete round of Indiana's established appellate process, let alone explain why these defaults should be excused.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). Where no state court has adjudicated the merits of petitioner's claims, federal habeas review is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

Here, the result is the same with or without § 2254(d) deference. Accordingly, the Court will review Mr. Tuck's claims *de novo*.

### B. Discussion

To succeed on a claim that trial counsel was ineffective, a petitioner must show that counsel's performance was deficient and prejudicial. *Maier v. Smith*, 912 F.3d 1064, 1070 (7th Cir. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 689−92 (1984)). Deficient performance means that counsel's actions "fell below an objective standard of reasonableness," and prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

Ground 1 alleges that trial counsel was ineffective for failing to move to quash Mr. Tuck's arrest based on an alleged falsehood in an affidavit supporting the arrest warrant. Lieutenant Davis stated in the supporting affidavit that Mr. Fusiek was searched before each controlled buy, "with no contraband found." Dkt. 26-3 at 1. At trial, Mr. Fusiek testified that he had a pack of cigarettes in his car before the January 1998 controlled buy and on his person during the February 1998 controlled buy. According to Mr. Tuck, Mr. Fusiek's testimony shows that Lieutenant Davis's affidavit testimony was false. But cigarettes are not contraband[2], so Mr. Fusiek's possession of

---

[2] "Contraband" means "goods or merchandise whose importation, exportation, or possession is forbidden." *See* Merriam-Webster Dictionary, *Contraband*, https://www.merriam-webster.com/dictionary/contraband (last visited Dec. 14, 2020).

9

cigarettes during the controlled buys is not evidence that police failed to search him. Any motion to quash arrest based on this argument would have been futile, and counsel cannot be deficient for failing to make a futile argument. *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015). Counsel's performance also was not prejudicial. Ground 1 is therefore **DENIED**.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because no reasonable jurist would disagree that Ground 1 is without merit and Grounds 2, 3, and 4 are barred by procedural default, no certificate of appealability shall issue.

## VI. Conclusion

Mr. Tuck's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, and no certificate of appealability shall issue. Final judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 12/15/2020

                                                             James Patrick Hanlon
                                                             United States District Judge

Distribution:                                           Southern District of Indiana

STEVEN T. TUCK
982012
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

11